Mary E. Stevens *vs.* Jonathan B. Gordon, appellant.

Kennebec.    Opinion May 10, 1895.

*Trespass.    Trover.    Possession.    Title in Third Party.    Deed.    Way.*

In an action of trover for the value of grass cut from that side of a highway next to plaintiff's farm, the question does not necessarily involve the legal title to the land, but only the possession.

Mere possession of land is sufficient to sustain an action of trespass *quare clausum*, against a person having neither title nor possession; so of trover for the value of grass cut from such land.

The possession of personal property carries with it the presumption of title and enables the possessor to maintain trover against any person except the rightful owner.

And it is no defense in such action to set up title to the land in some third

person unless the defendant can justify his acts by authority from such party.

A motion for a new trial cannot be considered when there is not a full report of the evidence.

ON MOTION AND EXCEPTIONS.

The plaintiff having obtained a verdict in the Superior Court, for Kennebec county, in this action, which came into the court on appeal from a trial justice, moved for a new trial and also took exceptions.

The case appears in the opinion.

*A. M. Goddard*, for plaintiff.
*Loring Farr*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, STROUT, JJ.

FOSTER, J. This is an action of trover for the value of a small quantity of grass grown on the side of the road running between the farms of plaintiff and defendant, and which was cut and hauled away by the defendant. The title to the grass is the question in controversy.

The case comes before us on exceptions and motion for a new trial.

The motion cannot properly be considered, inasmuch as from an inspection of the evidence as reported it is not full and complete, and the certificate of the stenographer shows that it is only a portion of that given at the trial.

The exceptions relate to the admissibility of certain evidence, and to statements of the presiding judge in his charge. As bearing upon these exceptions, the case shows that a rangeway, eight rods wide, running east and west and laid out on the plan of the original proprietors of the Kennebec Purchase, at one time separated the respective farms now owned by plaintiff and defendant.

The road which now divides these farms was laid out four rods wide, taking the north half of the rangeway.

The plaintiff introduced in evidence a warranty deed which

bounded her land "on the south by the road" in question. By the terms of this deed the grant extended to the center of the road. *Oxton* v. *Groves*, 68 Maine, 371; *Low* v. *Tibbetts*, 72 Maine, 92. Being a warranty deed, the plaintiff's title, in the absence of evidence to the contrary, is presumed to be co-extensive with the grant, or to the center of the road.

The grass sued for was cut on the northerly side of this road, and upon land to which the plaintiff had *prima facie* title by deed.

But the defendant contends that the plaintiff's grantor owned only to the north line of the road and could not give title to the center of it; and in support of this contention puts in evidence two deeds in the chain of plaintiff's title running to previous owners of the plaintiff's lot, wherein the road was excluded.

The mere exclusion of the road in these deeds does not of itself rebut the plaintiff's *prima facie* title so as to defeat this action, for the plaintiff claims title to the land over which this road was laid, by adverse possession acquired by the plaintiff's predecessor in title long prior to the laying out of the road.

The evidence shows that one Swanton, who was a predecessor in title, before the road was laid out or built had occupied and cultivated the entire width of the present road, and that what is now the road was included in his field; and that the dividing line between him and the defendant's grantor was where the south side of the road now is; and that the wall along the north line of the road was built by Swanton after the road was constructed.

Such being the position of the plaintiff, it was allowable for her to show that Swanton and all his successors in title had openly, notoriously and peaceably possessed, cultivated and enjoyed the produce of the north side of this road, not however, interfering with the general rights of the public, until the occurrence in 1892, which is the subject of this suit.

The plaintiff had the right to show possession, which is some evidence of title, and in the absence of all other is evidence enough of title. *Brookings* v. *Woodin*, 74 Maine, 222.

This evidence of uninterrupted and undisputed possession,

cultivation and improvement for so long a period of years had an important bearing from the fact that the *locus* is directly in front and in plain view of defendant's house.   He admits knowledge of these acts of the plaintiff and her predecessors in title, and that until 1892 he neither questioned their right nor asserted any in himself.

This action of trover does not necessarily involve the legal title to the land, but only the possession.   Mere possession of land is sufficient to sustain an action of trespass *quare clausum* against a person having neither title nor possession.  *Brookings* v. *Woodin, supra.*   The plaintiff being in possession of the land, as the evidence shows, could have maintained trespass against any person who could not show a better title.   So the possession of personal property carries with it the presumption of title and enables the possessor to maintain trover against any person except the rightful owner.   *James* v. *Wood,* 82 Maine, 173, 177, and cases cited.

The plaintiff was in possession of the land and had the choice of actions, trespass *quare clausum,* or trover for the value of the grass severed from it.

Nor could it have availed the defendant to set up title to the land in some third person unless he could justify his acts by authority from such party.  *Fiske* v. *Small,* 25 Maine, 453.  This he did not attempt to do.

Therefore, as all the excluded deeds were offered, not for the purpose of proving title in the defendant, or in any person under whom defendant claimed to justify his acts, but for the purpose of showing title in a stranger, they were properly excluded.

The answer to the question propounded to Joseph H. Williams as to what land passed under the description "rest and residue," in some of the above named deeds, was rightly excluded.   It was in relation to deeds that were irrelevant to the case.   If the deeds were not admissible the question was of no importance.  Moreover, there being no latent ambiguity in the deeds, they were not subject to explanation by parol testimony.   If there was any ambiguity it was patent, and an examination of the deed to which the question related shows that it could have been

readily removed by an examination of the other deeds referred to therein. They should have been produced or accounted for before any oral testimony would have been admissible.

There are numerous exceptions taken to certain detached portions and sentences from the charge of the presiding judge. It is unnecessary to consider each one separately. A part of them relate to the question of title by adverse possession, — a title acquired prior to the location of the road in question, and taken in the connection in which they stand, there does not appear to be anything objectionable in them. These instructions were as favorable to the defendant as he could expect. The defense was allowed great latitude in the introduction of evidence tending to show title to the land in a stranger, and under whom there was no pretense that the defendant could justify. Upon this point the judge said : "The introduction of a deed which would simply negative the fact that she or her immediate predecessor in title owned to the center of the road, or in other words, proving negatively by a single deed that she did not by that deed get the title, would not be sufficient to dispossess her of the title. But it must be by clear and absolute proof of title in another party." This certainly was more favorable to the defendant than he was entitled, especially when not justifying or claiming under such other party. Again, the exception to the remark of the court, that " both counsel in argument claimed that the road was laid out upon the northern side of the rangeway," cannot be sustained. If the position of counsel was not correctly stated by the court, attention should have been called to it at the time, that the court might have corrected it.

Nor is there anything in the other exceptions which requires any extended consideration. We see nothing in them that requires any revision at the hands of this court.

*Motion and exceptions overruled.*